UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 02-4116

TERRY EUGENE CURETON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-00-222)

Submitted: August 26, 2003

Decided: September 11, 2003

Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

William E. Loose, Asheville, North Carolina, for Appellant. Gretchen C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Terry Cureton appeals his conviction and 324-month sentence for one count of conspiracy to possess with intent to distribute cocaine base, a violation of 21 U.S.C. § 846 (2000), and two counts of possession with intent to distribute cocaine base, violations of 21 U.S.C. § 841(a)(1) (2000). Finding no error, we affirm.

First, Cureton claims that the district court erred in presenting a redacted indictment to the jury. The redacted indictment removed charges pertaining only to co-defendants, and left the charges pertaining to Cureton. Cureton did not object to the redaction, and therefore this court's review is for plain error. *United States v. Olano*, 507 U.S. 725, 725-32 (1993) (discussing plain error standard). We conclude the district court did not err in redacting the indictment. *United States v. Miller*, 471 U.S. 130, 136 (1985). Even if the court did err, the error did not affect Cureton's substantial rights. *Id.* at 140.

Second, Cureton asserts that the district court erred in submitting to the jury a verdict form that did not require it to find the drug quantity directly attributable to him. As Cureton did not object to the verdict form, we review for plain error. We conclude that the district court did not err in using a verdict form that required the jury to find the drug quantity attributable to the conspiracy instead of Cureton individually. *See United States v. Munoz*, 324 F.3d 987, 991 (8th Cir. 2003); *United States v. Turner*, 319 F.3d 716, 722-23 (5th Cir.), *cert. denied*, 123 S. Ct. 1939 (2003); *United States v. Derman*, 298 F.3d 34, 42-43 (1st Cir.), *cert. denied*, 123 S. Ct. 636 (2002).

Third, Cureton challenges the district court's application, pursuant to USSG § 2D1.1(b)(1), of a two-level enhancement to his offense level for possession of a weapon during the offense. This Court reviews the district court's factual findings for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Based on the evidence adduced at trial, we conclude the district court did not clearly err.

Finally, Cureton challenges the district court's calculation of his base offense level. We review for clear error. *Id.* In light of the trial testimony, we find no error in the district court's conclusion.

For the reasons above, we affirm Cureton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*